# Exhibit A

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS

COUNTY OF CHARLESTON )

GRADY GLOVER ) CIVIL ACTION COVERSHEET

Plaintiff(s) )

2018-CP - _10_ - 55_8

vs. )

SOUTHWEST AIRLINES )

**FILED** JULIE J. ARMSTRONG CLERK OF COURT 2018 FEB -5 PM 4:06

Defendant(s) )

Submitted By: Bonnie Travaglio Hunt
Address: Post Office Box 1845, Goose Creek, SC 29445

| | |
|---|---|
| SC Bar #: | 12341 |
| Telephone #: | 843-553-8709 |
| Fax #: | 843-492-5509 |
| Other: | |
| E-mail: | bthunt@huntlawllc.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION  (Check all that apply)
***If Action is Judgment/Settlement do not complete**

☒ JURY TRIAL demanded in complaint.    ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☒ Breach of Contract (140) | 20___-NI-___-___ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☒ Other (399) Employment | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

Submitting Party Signature: _[signature]_                    Date:  January 30, 2018

Note: Frivolous civil proceedings  may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

# FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**      **You must comply with the Supreme Court Rules regarding ADR.**
                      **Failure to do so may affect your case or may result in sanctions.**

IN THE STATE OF SOUTH CAROLINA  )    IN THE COURT OF COMMON PLEAS
                                      )
COUNTY OF CHARLESTON  )

GRADY GLOVER,  )    C.A. No.: 2018-CP-_10_ - _558_
            )
      Plaintiff,  )
            )
Vs.  )
            )
SOUTHWEST AIRLINES, CO.  )
            )
      Defendant.  )
            )

TO:  THE DEFENDANT ABOVE NAMED:

    YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action a copy of which is hereby served upon you, and to serve a copy of your Answer to the Complaint on the subscriber at her is offices at Hunt Law LLC 4000 Faber Place Drive, Suite 300, North Charleston, South Carolina 29405 within thirty (30) days after the service hereof, exclusive of the day of service.  If you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you.

Respectfully Submitted,

Bonnie Travaglio Hunt
Attorney for the Plaintiff
4000 Faber Place Drive, Suite 300, N. Charleston, 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709
Facsimile (843)492-5509

January 30, 2018

IN THE STATE OF SOUTH CAROLINA    )    IN THE COURT OF COMMON PLEAS
                                  )
COUNTY OF CHARLESTON              )

GRADY GLOVER,                          )    C.A. No.: 2018-CP-_10_-_558_
                                       )
            Plaintiff,                 )
                                       )
Vs.                                    )
                                       )
SOUTHWEST AIRLINES, CO.                )
                                       )
            Defendant.                 )
_____    )

## COMPLAINT AND JURY DEMAND

The Plaintiff, Grady Glover, by and through his attorney, Bonnie Travaglio Hunt of Hunt

Law, LLC., hereby complains against the Defendant, Southwest Airlines. as follows:

### NATURE OF THE ACTION

1.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended

(42 U.S.C. §2000e, *et seq*.).  The jurisdiction of this Court is invoked to secure protection

of and redress deprivation of rights guaranteed by federal law and state law which rights

provide for injunctive and other relief for illegal discrimination in employment.

2.    This action is also brought pursuant to South Carolina Human Affairs Commission Laws.

3.    This action is also brought pursuant to Age Discrimination in Employment Act (ADEA).

4.    This action is also brought pursuant to the Americans with Disabilities Act (ADA).

5.    This action is brought pursuant to the laws of South Carolina.

### PARTIES

6.    The Plaintiff is an individual residing in Hampton County, South Carolina.

1

7.    On information and belief, Defendants are entities conducting business and affecting commerce in the state of South Carolina properly within the jurisdiction of the Court.

8.    At all times, relevant to the allegations in this Complaint, the Defendants employed more than 20 persons in the State of South Carolina.

9.    At all times, relevant to the allegations in this Complaint, the Defendants operated a facility in the State of South Carolina.

## JURISDICTION AND VENUE

10.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter presents a federal question.

11.    Jurisdiction of this Court arises under the Age Discrimination in Employment Act.

12.    The South Carolina District Court Charleston Division is the proper venue for this action pursuant because this is the District and Division in which the Plaintiff resides and in which a substantial part of the events or omissions giving rise to the claims occurred.

## Procedural Prerequisites

13.    That the Plaintiff filed his Employment Initial Inquiry Questionnaire with the Equal Employment Opportunity Commission and the South Carolina Human Affairs Commission with a charge of discrimination.

14.    The Plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") alleging Age Discrimination in violation of the Age Discrimination in Employment Act, Disability Discrimination in violation of the Americans with Disabilities Act, Hostile Work Environment and Retaliation.

15.    That the Charge of Discrimination set forth that the Plaintiff had been discrimination from October 2016 up and until June 15, 2017.

2

16. The Plaintiff's charge of discrimination was filed on July 10, 2017 and set forth the following:

I. *"I have been employed with Southwest Airlines since 2002. That I have been an exemplary employee and promoted. I was hired by the employer as an operations supervisor and was a Station Manager when I was terminated from my employment June 15, 2017.*

II. *That during my employment I was treated differently based on my age and suffered a hostile work environment from my direct supervisor. Doug Currie regularly subjected me to differential treatment and terminated my employment for disciplining other employees through Southwest process and policies.*

III. *That in March of 2017 I began to suffer significant Health Problems due to the bullying, harassment and hostile work environment created by Doug Currie and permitted to continue by my employer Southwest. As a result of those health problems, high blood pressure, panic attacks, and other complications I was treated differently.*

IV. *That on May 8, 2017 I reported Doug Currie for age discrimination and bullying. That I was subjected to discriminatory commentary regarding my age.*

V. *That Doug Currie terminated my employment on 6/15/2017 for my complaints and my perceived disability. That the reasons provided to me for my termination were pretextual.*

3

VI. *That my work environment was severe and pervasive, and no reasonable person would have been expected to endure the circumstances. That I was subjected to a hostile work environment in violation of State and Federal Law.*

VII. *That I have been discriminated against based on my age in violation of the Age Discrimination in Employment Act. That I have been subjected to retaliation for complaining that I was being discriminated against in violation of the Age Discrimination in Employment Act.*

VIII. *That I have been discriminated against based on my perceived disability in violation of the ADA."*

17.   The Plaintiff's right to sue from his charge of discrimination was dated December 5, 2017.

18.   The Right to Sue set forth The EEOC issues the following determination: More than 180 days have passed since the filing of the charge and the EEOC is terminating its process of this charge.

19.   That fewer than ninety days have elapsed since the Plaintiff received the Right to Sue on the Plaintiff's first and second charges of discrimination.

## FACTUAL BACKGROUND

20.   That the Plaintiff is a resident of the United States over the age of 40.

21.   That the Plaintiff is an Older American male that suffers from a Disability.

22.   That the Plaintiff was employed with the Defendant for several years, on and off for thirty-seven years. That the Plaintiff was considered an exemplary employee. That the Plaintiff received an outstanding on his 2016 evaluation.

23.   That when the Plaintiff was hired by the Defendant he received an employee handbook that set forth the policies and procedures of the Defendant.

24.    That the last position held by the Plaintiff was Station Manager.

25.    That the Plaintiff's immediate supervisor was Doug Currie the Station Director.  That Mr. Currie worked out of Houston, Texas. Currie is one of nine Station Directors that work at Southwest.

26.    That the Plaintiff was employed with the Defendant as a Station Manager I.  As a Station Manager I the Plaintiff has several duties and responsibilities.  That the Plaintiff's job description included but was not limited to the following:  Provide Leadership and supervision in a small station, manage ongoing operational performance through KPI's, Thinks strategically in addressing issues or opportunities within the Station, Translate Director's broad objectives into Station Specific Activities; Manages the Station budget, including over-time investment; provide performance updates and improvement actions plans in staff meetings and huddles; Drive performance process by setting goals and objectives, monitoring results against key metrics and holding employees accountable for results; Meet or exceed performance goals for the system and Station through effective decisions; Coordinate Station activities to insure Customer satisfaction and security of Company funds; Provide friendly service to, and maintains positive relationships with all internal and external Customers; Responsible for hiring Employees and oversees required training is provided; Monitor staffing to ensure maximum utilization of personnel and efficient use of overtime; ensure frequent and accurate communication; Develops Leadership at Supervisor level and builds a high performing Team; Foster Employee engagement to maintain positive moral and Team Spirit.

27.    That the Plaintiff was considered an exemplary employee and always performed well on his evaluations.

28.    That the Plaintiff's direct supervisor was Doug Currie, a younger individual. That during the Plaintiff's employment the Defendant had no issues with Mr. Currie. However, Mr. Currie began to make comments regarding the Plaintiff's employment and the Plaintiff's age. Currie specifically stated the Plaintiff had an inability to manage based on the Generational Gap. Based on this Generational Gap Currie began to treat the Plaintiff differently. As a result, the Plaintiff began to suffer from severe health problems.

29.    That as a Station Manger the Plaintiff supervised several employees. As the supervisor the Plaintiff was required to discipline individual employees and direct employees.

30.    That during the Plaintiff's employment the Plaintiff began to have issues with a employee, Danielle Chapman. That the Plaintiff went to Labor Relations to discuss the discipline of the employee because of her performance issues.

31.    That on several occasions the Plaintiff informed the employee that she was required to work mandatory overtime. That the employee, Danielle, refused to work overtime. That the overtime was mandatory. Danielle continually refused to work mandatory overtime.

32.    That on March 8, 2017, the Plaintiff instructed the employee, Danielle Chapman that she was going to be required to work mandatory overtime. That the employee refused. That when discussing the issue, the employee, Danielle Chapman refused to turn around and look at the Plaintiff and make eye contact with the Plaintiff. The Plaintiff wanted to ensure that Chapman understood that if she did not work the overtime there would be consequences to her actions up to and including termination. Chapman still refused to work the overtime. That another ramp agent was in close proximity to the encounter and stated that there was no yelling during the conversation.

33.    On March 8, 2017, Chapman walked off the job after only 4 hours.

34.     That Danielle Chapman's continual refusal to work mandatory overtime as required by her position that all employees were fully aware of affected crew morale. The Plaintiff was aware of this affect.

35.     On March 9, 2017, the Plaintiff formally contacted Labor Relations, Vance R. Foster regarding the Actions of Danielle Chapman. Labor Relations agreed that Chapman should be disciplined, and that Labor Relations would assist the Plaintiff with drafting the discipline. That Labor Relations sent the Plaintiff a set of current Insubordination Cards (10) to help with preparing for discipline.

36.     After discussing the incident with Foster in Labor Relations the Plaintiff sent an email to his direct supervisor, Doug Currie to keep him in the loop. Currie's only response was "thanks."

37.     That after notifying Currie, the Plaintiff and Foster drafted and prepared for discipline for Ms. Chapman for her Attitude and Performance issues. The Attitude and Performance Memorandum was a Letter of Warning.

38.     On March 13, 2017 a meeting was held between the Plaintiff, Emily Stevens, Danielle Chapman, Ryan Wagener and Drew Brown. During the meeting there was a discussion log event recorded due to a failure to have proper numbers on paperwork. A fact finding was held on Chapman for failure to work mandatory overtime on 3/8/2017 and 3/9/2017. During the meeting a confrontation arose where Chapman and Wagener accused the Plaintiff of yelling at Chapman. The Plaintiff informed Wagener that was a lie. Wagener than proceeded to yell at the Plaintiff using several profanities that made other attendees uncomfortable. Wagener proceeded to walk out of the meeting. Unfortunately, Wagener has previous history with the Plaintiff and the actions of Wagener were in retaliation for

7

that history. That witnesses stated that the Plaintiff never raised his voice in the meeting despite Chapman and Wagener getting confrontational.

39.    On March 13, 2017 following the meeting Ms. Chapman filed a complaint regarding the meeting. The company conducted an investigation regarding the Plaintiff's actions.

40.    That the Plaintiff was going to issue the Letter of Warning to Chapman for her overall behavior in the meeting. On March 17, 2017, Currie instructed the Plaintiff to remove the letter of warning and not present it to Chapman.

41.    On March 21, 2017, Labor Relations completed its investigation into the Chapman incident and found that the Plaintiff had not done anything wrong when he addressed her failure to work overtime.

42.    On April 6, 2017, the Plaintiff wrote an in-depth explanation to Currie regarding what had occurred with Danielle Chapman.

43.    That on April 8, 2017 the Plaintiff was required to fly to Houston and meet with Currie.

44.    That Currie instructed the Plaintiff to return to Charleston and have a conversation with the Employee.

45.    That the Plaintiff saw Chapman on April 11th in the break room when he gave her new probation pin. However, it was inappropriate to have a conversation at this time because they were in front of a room full of agents.

46.    On April 19, 2017 the Plaintiff sent Currie an email and informed him that he had spoke to Chapman and they would be meeting when she gets in. The Plaintiff further explained that there was only one day he could have met with Chapman since meeting with Currie on the 6th.

8

47.  That on April 2017 the Plaintiff received an exemplary evaluation of his performance. The Plaintiff received Outstanding and Solid in all areas on his performance evaluation.

48.  That the Plaintiff had a conversation with the Employee at the first available opportunity when the employee and the Plaintiff were working on April 22, 2017. That from April 8th to April 22nd the plaintiff and the employee, Danielle had only worked 3 shifts together and two of those were irregular and it would have been improper to delay a plane to have a conversation with an employee. The Plaintiff further explained to Currie that it would have been inappropriate to call the employee, Danielle Chapman on the phone as her Union Representative could not be present.

49.  On May 5, 2017, Currie informed the Plaintiff that the meeting he had with Chapman was not satisfactory.

50.  That on May 5, 2017, Currie wrote a letter of expectation to the Plaintiff.

51.  That on May 8, 2017, the Plaintiff filed a complaint with Employee Relations Group that he was being Harassed by Currie. That the Plaintiff fully believe that the harassment was based on his age.

52.  That despite the discrimination complaint against Currie Employee Relations continued the Plaintiff's employment under Currie.

53.  That after the expectation letter, the Plaintiff informed Currie that his actions were causing the Plaintiff significant stress, anxiety, high blood pressure and complicating his health. The Plaintiff further informed Currie that he did not mean to place him in the spotlight, but Currie had left the Plaintiff no choice and the Plaintiff had to protect his 36 plus career.

54.   On June 2, 2017 the Plaintiff participated in a conference call with Chris Johnson and Mike Holcomb and reiterated that Currie was unreasonable and unjustified and that the actions were in retaliation for his complaints.

55.   That the Plaintiff was terminated from his employment on June 15, 2017. That prior to the Plaintiff's termination the Plaintiff had not received any discipline during his employment with the Defendant, Southwest. That the Plaintiff was informed he was terminated for Insubordinate conduct or refusing to follow a work order or any act of insubordination. That Currie contended that the Plaintiff was unwilling to take direction and was insubordinate.

56.   That at no time during the Plaintiff's employment had any of his employees complained about his management style.

57.   That during the Plaintiff's employment Currie informed the Plaintiff that he believed that the Plaintiff could not manage his people because of the Generational Gap.

58.   That at no time did the Plaintiff refuse to perform any instruction from Currie.

59.   That at the time of his termination the Plaintiff was able to perform all aspects of his position with or without accommodation.

60.   That the Plaintiff was discriminated against based on his perceived disability and retaliation for his complaints.

61.   During the Plaintiff's employment, the Plaintiff suffered discrimination based on his disability, age, hostile work environment and retaliation for his complaints.

62.   That each and every reason presented as a reason for terminating the Plaintiff's employment was pretextual as the Defendant had not counseled the Plaintiff regarding unsatisfactory performance or defiance of company leadership.

63.   That Defendant wrongfully discriminated against the Plaintiff in violation of the Americans' with Disabilities Act and the Age Discrimination in Employment Act.

64.   Defendant's actions described herein were intentional and inflicted upon Plaintiff severe mental and emotional distress.

65.   As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

66.   That the Defendant is the direct and proximate cause of injury to the Plaintiff.

67.   That the Plaintiff was issued certain policies and procedures by the Defendant.

68.   The Defendants violated the policies and procedures by failing to follow the actual policies in place against discrimination, hostile work environment and retaliation.

69.   That as a result of Defendant's actions of retaliating against the Plaintiff for hid complaints the Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

70.   Defendant engaged in policies and practices which willfully, intentionally, and unlawfully discriminated against Plaintiff on the basis of his perceived/actual disability.

71.   That the Defendant, treated the Plaintiff significantly differently based on his disability and age.  That other employees who did not suffer a disability were treated more favorably.

72.   That the Defendant's actions towards the Plaintiff violated the law.

11

73. That, as a direct and proximate result of the Defendant's intentional unlawful actions towards the Plaintiff based on the Plaintiff's age, race and perceived disability, the Plaintiff:

    a.    suffered severe emotional distress;

    b.    suffered future lost wages and future lost benefits;

    c.    suffered economic damages;

    d.    Loss of employment;

    e.    Loss of Future employment;

    f.    incurred attorney fees for this action;

    g.    incurred costs of this action; and

    h.    will incur future attorney fees and costs.

74. That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

75. That the Defendant is the proximate and direct cause of damage to the Plaintiff.

76. That the Plaintiff is entitled to any and all damages available under the law for his hostile work environment, discipline, and termination. The Plaintiff is entitled to any and all lost wages, lost benefits as a result of the wrongful termination. The Plaintiff is entitled to any and all future damages as a result of the Defendant's actions towards him.

77. After the Plaintiff's termination the Plaintiff applied for unemployment benefits with South Carolina Department of Employment and Workforce. The Plaintiff was found to have been eligible for benefits.

## FOR A FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION

## IN VIOLATION OF THE AMERICANS WITH DISABITIES ACT

78.   That Paragraphs one (1) through seventy seven (77) are hereby incorporated verbatim.

79.   The Defendant is an employer as defined in ADA.

80.   That the Plaintiff is an employee as defined by the ADA.

81.   That the Plaintiff was considered an exemplary employee.

82.   That while the Plaintiff was been employed with the Defendant, the Plaintiff was able and had performed his job duties in a satisfactorily level of the Defendant.

83.   That the Defendant considered the Plaintiff's disability or perceived disability when considering any and all employment decisions and termination. That the Plaintiff made his direct supervisor aware of his anxiety, high blood pressure and stress.

84.   That the Plaintiff was treated significantly differently than other employees who did not suffer from a disability.

85.   At no time during the Plaintiff's employment was he counseled up and until his anxiety disorder became a problem.

86.   The Plaintiff was disciplined and terminated for actions that were either similar or much worse than other employees who were not disciplined for terminated for.

87.   That the Plaintiff reported differential treatment and was subjected to a hostile work environment as a result.

88.   The Defendant was well aware of the Plaintiff's medical conditions and had even discussed it with the Plaintiff throughout the last months of his employment.

89.   That the Defendant discriminated against the Plaintiff based on his disability, record of disability or perceived disability.

13

90.    That the Defendant is the proximate and direct cause of damage to the Plaintiff.

91.    That the Plaintiff has suffered severe emotional damages as a result of the Defendants' discrimination against the Plaintiff.

92.    That as a direct result of the Defendant's violation of ADA the Plaintiff has suffered:

      i.    Considerable damage to his reputation;

      ii.    Economic damages;

      iii.    Economic hardship;

      iv.    Loss of his position;

      v.    Actual and future lost wages;

      vi.    Loss of beneifits;

      vii.    Loss of future Benefits;

      viii.    Suffered anxiety, humiliation and emotional damages.

93.    That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to the ADA for the Defendant's discrimination against the Plaintiff based on his disability.

## FOR A SECOND CAUSE OF ACTION

## AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

94.    That Paragraphs one (1) through ninety-three (93) are hereby incorporated verbatim.

95.    That the Plaintiff was subjected Age Discrimination while employed with the Defendant.

14

96.    That the Defendant treated the Plaintiff significantly differently based on his age than it treated younger employees. That the Defendant did not discipline younger employees for actions that would have been terminable offenses.

97.    That the Plaintiff was informed that he was unable to manage as result of the Generational Gap.

98.    That the Defendant's treatment of the Plaintiff was hostile affecting the terms and conditions of his employment.

99.    The differential treatment of the Plaintiff was discrminatory.

100.    That the Defendant disciplined the Plaintiff differently then other younger employees.

101.    That the Defendant's actions towards the Plaintiff violated the law.

102.    That the Defendant is the direct and proximate cause of damage to the Plaintiff.

103.    That, as a direct and proximate result of the Defendant's intentional unlawful actions towards the Plaintiff based on the Plaintiff's age, the Plaintiff:

    a.    suffered severe emotional distress;

    b.    suffered future lost wages and future lost benefits;

    c.    suffered economic damages;

    d.    Loss of Future raises and evlauative valude based on discriminatory discipline;

    e.    incurred attorney fees for this action;

    f.    incurred costs of this action; and

    g.    will incur future attorney fees and costs.

104.    That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees

previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

## FOR A THIRD CAUSE OF ACTION

## RETALIATION FOR COMPLAINTS REGARDING HOSTILE WORK ENVIRONMENT COMPLAINTS AND DISABILITY DISCRIMINATION

105.   That Paragraphs one (1) through one hundred and four (104) are hereby incorporated verbatim.

106.   That the Plaintiff was an employee according to the law of the State of South Carolina, Federal Law including but not limited to the ADA.

107.   That the Plaintiff made complaints regarding the Defendant's more favorable treatment of younger non-disabled employees.  As a result of the Plaintiff's complaints the Plaintiff has been retaliated against.  That the Defendant is the proximate and actual cause of damage to the Plaintiff.

108.   That the Plaintiff made a complaint to corporate Southwest regarding discrimination based on age and disability during his employment.

109.   That the Defendant retaliated against the Plaintiff by placing him in the most hostile work environment and terminating his employment.

110.   That as a result of the Plaintiff's complaints the Plaintiff suffered retaliation for each of his complaints.

111.   As a result of the Plaintiff's complaints regarding discrimination based on his Age and Disability and hostile work environment based on previous complaints the Defendant retaliated against the Plaintiff and terminated his employment.

112.    The Defendant's actions described herein were intentional and inflicted upon Plaintiff to insure severe mental and emotional distress.

113.    As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

114.    That the Defendant is the direct and proximate cause of injury to the Plaintiff.

115.    That the Plaintiff is entitled to an award of damages from the Defendant. That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to the ADA.

## FOR A FOURTH CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT

116.    That Paragraphs one (1) through one hundred and fifteen (115) are hereby incorporated verbatim.

117.    That the Plaintiff was an employee of the Defendants in accordance with State and Federal Law.

118.    That the Defendants are employers in accordance with the Americans' with Disabilities Act and Age Discrimination in employment Act.

119.    That the Defendants subjected the Plaintiff to a hostile work environment.

120.    That the Plaintiff's work environment was abusive, to the point of severe and pervasive.

121.    The Plaintiff was subjected to discrimination based on his age and disability.

122.    That the Defendant failed and refused to address the situation.

123.    That the Plaintiff suffered severe emotional distress as a result of the Defendant's hostile work environment based on the Plaintiff's Disability and Age.

124.    That the Plaintiff's severe emotional distress was foreseeable as a result of the severe and pervasive work environment that the Defendant subjected the Plaintiff.

125.    That the Plaintiff has been damaged as a result of the Defendant work environment.

126.    That the Defendant is the direct and proximate cause of damage to the Plaintiff.

127.    That the Plaintiff is entitled too actual, compensatory, consequential and punitive damages from the Defendant as a result of the hostile work environment.

128.    That the Plaintiff is entitled to attorney's fees and costs from the Defendant.


## **PRAYER FOR RELIEF**

WHEREFORE plaintiff prays that this Honorable Court:

A.  Accept jurisdiction over this matter, including the pendent claim;

B.  Empanel a jury to hear and decide all questions of fact;

C.  Award the Plaintiff lost wages, future lost wages, lost benefits and future lost benefits;

D.  Award to plaintiff compensatory and consequential damages against the defendant;

E.  Award to plaintiff punitive damages against the defendant for their malicious and spiteful pattern of disability discrimination;

F.  Award to plaintiff All damages available to the plaintiff damages against the defendant for their malicious discrimination against the plaintiff in violation of the ADA and the ADEA;

G.  Award to plaintiff the reasonable attorneys' fees and costs incurred in the prosecution of this matter;

18

H. Award all damages available to the Plaintiff pursuant to Federal and State Law;

I. Permanently enjoin the defendants, their assigns, successors, agents, employees and those acting in concert with them from engaging in disability discrimination, age discrimination, disparate treatment or retaliation against plaintiff and

J. enter any other order the interests of justice and equity require.

HUNT LAW LLC

/Bonnie Travaglio Hunt

Bonnie Travaglio Hunt
HUNT LAW LLC
4000 Faber Place Drive, Suite 300
North Charleston SC 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709

Dated:  January 30, 2018

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Grady E. Glover | From: | Savannah Local Office |
|---|---|---|---|
| | 767 East Palmetto Ave. | | 7391 Hodgson Memorial Drive |
| | Varnville, SC 29944 | | Suite 200 |
| | | | Savannah, GA 31406 |

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|
| EEOC Charge No. | EEOC Representative | | Telephone No. |
| | C A. Harris, | | |
| 415-2017-00748 | Investigator | | (912) 920-4276 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Omayra Padilla,
Director

DEC 0 5 2017

(Date Mailed)

Enclosures(s)

cc:
| Chrishawn Booker | Bonnie T. Hunt |
|---|---|
| Paralegal | HUNT LAW LLC |
| SOUTHWEST AIRLINES | Post Office Box 1845 |
| 2702 Love Field Drive | Goose Creek, SC 29445 |
| Dallas, TX 75235 | |